UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:20-cv-00388-EBA

MARY L. SNOW,     PLAINTIFF,

V.     **MEMORANDUM OPINION AND ORDER**

ANDREW SAUL,
Commissioner of Social Security,     DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

### I. FACTS & PROCEDURAL HISTORY

In 2008, Administrative Law Judge ("ALJ") Charles Arnold found that Plaintiff, Mary Snow, was not disabled and denied her application for supplemental security income ("SSI"). [R. 18 at pg. 1]. However, in October 2017, Plaintiff reapplied for SSI alleging that she had become disabled that month. [R. 16-1 at pg. 2]. ALJ Douglas Wright conducted a hearing and, during the evaluation of the Plaintiff's current case, considered Plaintiff's prior application for SSI, which had resulted in an unfavorable decision in 2008. [R. 11-1 at pg. 24]. In accordance with Social Security Regulations and *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), ALJ Wright determined that there was "new and material evidence" relating to the finding of a change in Plaintiff's residual functional capacity. [*Id.*] Specifically, ALJ Wright pointed out that the prior decision relied upon Plaintiff's left ventricular diastolic dysfunction to support an argument for a lessor RFC; but, in the current case, Plaintiff did not produce evidence of a continued issue regarding left ventricular diastolic dysfunction. [*Id.*]. Consequently, and as required by the Sixth Circuit, ALJ Wright considered any new evidence in determining whether changes to the prior

ALJ's findings and conclusions were necessary. *See Drummond*, 126 F.3d at 842.

ALJ Wright followed the five-step evaluation process as required by SSA regulations. [*Id*. at pg. 21–27]. At step one, ALJ Wright found that Plaintiff had not engaged in substantial gainful activity since October 11, 2017. [*Id*. at pg. 21]. At step two, ALJ Wright found that Plaintiff had the following severe impairments: asthma, potential osteoarthritis of the right knee, and obesity. [*Id*. at pg. 21–23]. At step three, ALJ Wright found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1. [*Id*. at pg. 23]. At step four, ALJ Wright found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 416.967(b). [*Id*. at pg. 23–25]. However, ALJ Wright noted that Plaintiff can "frequently, but not constantly, handle and finger with the dominant upper right extremity, and should not be exposed to uncommon pulmonary irritants." [*Id*. at 23]. Based on this RFC and review of the evidence, ALJ Wright determined that Plaintiff could not perform any past relevant work. [*Id* at 26]. Thus, he proceeded to step five where he determined that Plaintiff could perform other jobs existing in significant numbers in the national economy. [*Id*.]. Thus, ALJ Wright found Plaintiff was "not disabled." [*Id*. at 27].

On August 11, 2020, the Appeals Council declined to review the ALJ's November 22, 2019, decision rendering it a final administrative decision. [*Id*.]. Plaintiff then filed the instant complaint. [R. 1]. This case was referred to the undersigned for all further proceedings upon the parties' consent. [R. 13]. Plaintiff then timely filed a motion for summary judgment, [R. 16], and Defendant did as well. [R. 18]. Thus, this matter is fully briefed and ripe for review.

## II. STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether it is supported by "substantial evidence" and made in accordance with proper legal standards. *Rabbers*

*v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); 42 U.S.C. § 405(g). In addition, "substantiality must also be based on the record 'as a whole.'" *Houston v. Secretary of Health & Human Services*, 736 F.2d 365, 366 (6th Cir. 1984) (citing *Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980)). As a result, this Court cannot review the case *de novo*, resolve conflicts of evidence, or decide questions of credibility. *Cutlip*, 25 F.3d at 286; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Rather, when considering whether an ALJ's opinion is supported by substantial evidence, the Court must bear in mind that "[t]he substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations omitted). In other words, when an opinion is supported by substantial evidence, it is to say that it is supported by "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Finally, "[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ, the Court must uphold the Commissioner's decision. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. ANALYSIS

On appeal, Plaintiff presents three arguments in support of her request that the Court enter summary judgment in her favor and remand the matter to the ALJ. However, for the reasons that follow, the Plaintiff's motion for summary judgment will be denied, and the Defendant's, granted.

#### A. ALJ Wright properly applied *Drummond*.

First, Snow argues that the ALJ failed to properly apply *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997), a case standing for the proposition that when an ALJ reviews evidence that was previously considered in a prior application, "absent evidence of an

improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond* 126 F.3d at 842. Plaintiff argues that "[ALJ Wright] failed to properly evaluate the current case as required by *Drummond* and was unable to show that there had been an improvement in her condition from the date of the prior ALJ decision." [R. 16-1 at pg. 3]. Plaintiff argues that ALJ Wright found Snow to have the capacity for light work, but ignored new evidence supporting the prior ALJ's conclusion that she was limited to only sedentary work.[1] In short, Plaintiff contends that *res judicata* requires that the holding in *Drummond* should have bound ALJ Wright to ALJ Arnold's 2008 decision stating that the Plaintiff's RFC allowed the capacity for a range of sedentary work, as ALJ Wright was unable to show "evidence of an improvement in the claimant's condition. . ." [*Id*. at pg. 3]. However, the Commissioner argues that the Sixth Circuit has clarified its position in *Drummond* through subsequent caselaw and that an ALJ has the ability to give evidence from a current unadjudicated period of time a "fresh look" when determining the proper RFC. [R. 18 at pg. 12]. Specifically, the Commissioner argues that ALJ Wright gave the application a "fresh look" and found that, based on new and material evidence, a revised RFC was justified. [*Id*. at 13].

"When a claimant files an application for benefits under the same title of the Social Security Act as a previously determined application, the principal of *res judicata* places limits on the evidence that an ALJ evaluating the second application can review." *Lingar v. Berryhill*, 2019 U.S. Dist. LEXIS 17954, at *3 (E.D. Ky. Feb. 5, 2019). The Sixth Circuit has established that "the principles of *res judicata* can be applied against the [SSA] Commissioner." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). "When the Commissioner has made a final decision

---

[1] Plaintiff challenges ALJ Wright's evaluation by citing evidence in the record that she believes could support a different RFC conclusion. Specifically, Plaintiff argues that she has greater limitations because of a broken wrist, knee arthritis, and breathing issues. Further, Plaintiff implies that ALJ Wright's lack of discussion of Plaintiff's diastolic left ventricular dysfunction, which was integral to ALJ Arnold's decision, was wrongful. [R. 16-1 at pg. 3-4].

concerning a claimant's entitlement benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is also bound by the findings of a previous ALJ. *Id.* (citing *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391 (4th Cir. 1987)).

In light of the holding in *Drummond*, the Commissioner issued an Acquiescence Ruling directing the Sixth Circuit to follow *Drummond* by applying *res judicata* to a prior assessment of a claimant's residual functional capacity (RFC) as well as other findings required in the sequential evaluation process for determining disability. *Lingar*, 2019 U.S. Dist. LEXIS 17954, at *3–4. The Ruling states as follows:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the [Social Security] Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

SSAR 98-4(6), 1998 SSR Lexis 5, 63 FR 29771. Accordingly, a prior ALJ's RFC determination must not be altered unless new and material evidence is presented showing that the plaintiff's condition has significantly changed. *Lingar*, 2019 U.S. Dist. LEXIS 17954, at *4 (citing *Drummond*, 126 F.3d at 842). The burden is on the plaintiff to show that her condition has worsened to the point that she is no longer able to perform substantial gainful activity. *Priest v. Soc. Sec. Admin.*, 3 F. App'x 275, 276 (6th Cir. 2001) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232–33 (6th Cir. 1993)).

In *Earley*, the Sixth Circuit explained that *res judicata* only applies if an applicant files a subsequent application for the same period of disability. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018) ("[R]es judicata only 'foreclose[s] successive litigation of the very same

claim.'"). *Drummond*'s holding was based on the "*principles* of res judicata . . . [f]inality, efficiency, and the consistent treatment of like cases." *Drummond*, 126 F.3d at 841–43. "*Drummond* was never intended to preclude an ALJ 'from giving a fresh look to a new application containing new evidence . . . that covers a new period of disability.'" *Warren v. Saul*, No. 6:18-cv-225-HRW, 2019 U.S. Dist. LEXIS 120387, 2019 WL 3253964, at *2 (E.D. Ky. July 19, 2019) (alteration in original) (quoting *Earley*, 893 F.3d at 931). It was also not supposed to prevent an ALJ from *only* "revisiting [an] earlier finding . . . [when the claimant] offered new and material evidence of a changed condition." *Id.* (first alteration in original) (quoting *Earley*, 893 F.3d at 931). However, "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Earley*, 893 F.3d at 933.

Thus, under the guidance of *Earley*, when an ALJ encounters a successive application from the same applicant asserting a later onset of disability, the ALJ honors the *res judicata* principles of "finality, efficiency, and the consistent treatment of cases" if the ALJ considers the prior ALJ's findings regarding the earlier record when reviewing a petitioner's successive application. *Earley*, 893 F.3d at 933. In other words, the subsequent ALJ should make determinations based on a "fresh look" at the "new evidence . . . while being mindful of past rulings and the record in prior proceedings." *Earley*, 893 F.3d at 931. A fresh look requires the ALJ to consider the new evidence and make his or her own determinations about a claimant's limitations. *See, e.g.*, *Sadler v. Comm'r of Soc. Sec.*, No. 18-11689, 2019 U.S. Dist. LEXIS 164338, 2019 WL 4892419, at *6 (E.D. Mich. Aug. 16, 2019), *adopted by Sadler v. Saul*, No. 18-11689, 2019 U.S. Dist. LEXIS 163451, 2019 WL 462703 (E.D. Mich. Sept. 24, 2019) (holding that the ALJ gave a fresh look at the evidence when he "reviewed the new evidence thoroughly to make his own determination at step two" which included adding two new severe impairments not included in the prior ALJ's decision;

he also gave a fresh look by "review[ing] treatment records dating back to 2009, and thoroughly discuss[ing] the medical evidence from just before the first ALJ's determination through 2017, well after the date last insured . . . to determine plaintiff's RFC."); *Cornett v. Berryhill*, 6:18-cv-044-JMH, 2019 U.S. Dist. LEXIS 25665, 2019 WL 691776, at *3 n.2 (E.D. Ky. Feb. 19, 2019) ("[H]ere, the ALJ determined that new evidence provided for different findings than those previously made. Thus, the ALJ's decision here does not run afoul of *Earley*." (internal citation omitted))

In the instant case, ALJ Wright examined an entirely different timeframe than ALJ Arnold. Plaintiff's new application was filed on October 11, 2017, nearly nine years after ALJ Arnold's November 26, 2008, decision. [R. 11-1 at pg. 19, 24]. ALJ Wright concluded in evaluation of her second application that the "medical evidence of record document[ed] improvement" that supported "significant change" in the Plaintiff's RFC. [R. 11-1 at pg. 20]. To support this determination, ALJ Wright found that,

> [w]hile the previous decision cited [Plaintiff's] left ventricular diastolic dysfunction as a factor limiting the claimant to sedentary work, the medial evidence of record received in connection with the current application contains no reference to this condition, and no description of any related ongoing treatment or concerns.

[*Id*. at pg. 20].

Plaintiff contends that ALJ Wright improperly revised her RFC from sedentary work to light work in violation of *Drummond*. However, Plaintiff fails to explain how her case distinguishes itself from the circumscription of *Drummond* by the *Earley* court. Plaintiff argues that ALJ Wright ignored evidence of Snow's broken wrist, arthritis in her knees breathing issues. [R. 16-1 at pg. 3]. However, in relation Plaintiff's evidence stemming from her wrist, knee, and breathing issues, ALJ Wright considered each. ALJ Wright discussed x-rays related to degenerative changes in Plaintiff's knee. [R. 11-1 at pg. 21, 332–33]. He noted Plaintiff's

surgically repaired wrist, [*Id*. at pg. 17, 413], and concluded that Plaintiff had handling and fingering limitations as a result. [*Id*. at pg. 19–20]. Lastly, ALJ Wright discussed Plaintiff's asthma symptoms and restricted Plaintiff to work that would limit her exposure to pulmonary irritants. [*Id*. at pg. 20]. As these decisions were based on separate time period, ALJ Wright was entitled to give the evidence a "fresh look" and was not bound by the *res judicata* principles found in *Drummond*. As ALJ Wright has rendered his conclusions based on substantial evidence the Court finds that ALJ Wright's determination properly applied *Drummond* and the case law contouring it.

### B. ALJ's failure to list various severe impairments was harmless.

Plaintiff next argues that ALJ Wright did not appropriately consider certain impairments at step two of the sequential evaluation. [R. 16-1 at pg. 4]. Specifically, Plaintiff argues that ALJ Wright should have considered Plaintiff's alleged bilateral knee arthritis, right wrist arthritis with plate and screws, and Plaintiff's degenerative disc disease of the lumber spine. [*Id*.] As an initial matter, it is the Plaintiff's burden to prove the severity of her impairments at the second step of the sequential evaluation process. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). The Commissioner maintains that the Plaintiff has failed to meet this burden as the Plaintiff "[did] not cite medical evidence showing that the impairments ALJ Wright allegedly overlooked at step two caused any work-related functional limitations that were subsequently unaccounted for in determining her RFC. [R. 18 at pg. 7]. Here, the Plaintiff is correct that ALJ Wright failed to conclude that the aforementioned impairments qualified as severe. However, the Court does not need to decide whether ALJ Wright's failure to conclude that the aforementioned impairments qualified as "severe impairments" at step two of his analysis was erroneous. When an ALJ makes a finding that one or more of the claimant's impairments is severe, he "must consider limitations and restrictions imposed by all of the [individual's] impairments, even those that are not 'severe.'" SSR 96-8p 1996 SSR LEXIS 5 at *14, 1996 WL 374184, at *5 (July 2, 1996). As long as "an ALJ

considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'" *Fisk v. Astrue*, 253 F. App'x. 580, 584 (6th Cir. 2007) (quoting *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)) (alteration in the original); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (finding that, because the ALJ found that the claimant had certain severe impairments and completed the evaluation process, it was "legally irrelevant" that the ALJ found other impairments to be not severe).

Here, ALJ Wright found that Plaintiff had severe impairments of asthma, potential osteoarthritis of the right knee, and obesity. [R. 11-1 at pg. 21]. However, ALJ Wright recognized that once any impairment is found to be severe, he must consider both severe and non-severe impairments in the subsequent steps. [*Id*. at pg. 22]. Accordingly, ALJ Wright proceeded to the remaining steps of the analysis and it became "legally irrelevant" that Plaintiff's other impairments were found not to be severe. *McGlothin*, 299 F. App'x. At 522. Any error committed by ALJ Wright is not reversible by this Court. Accordingly, the Court finds Plaintiff's argument to be without merit.

**C. ALJ Wright properly provided specific rational for rejecting Plaintiff's testimony.**

Plaintiff argues that ALJ Wright's decision did not contain "specific reasons" for his findings and that the finding was not "sufficiently specific to make clear to the individual and to a subsequent reviewer the weight the adjudicator gave to the individual's statements and the reasons for that weight." [R. 16-1 at pg. 5-6]. Specifically, Plaintiff argues that ALJ Wright did not give sufficient reasons to justify his rejection of her testimony concerning her breathing and its impact on her everyday activity pursuant to SSR 96-7p. [*Id*. at pg. 5]. However, as detailed below, ALJ Wright explained why he did not find Plaintiff's testimony credible and supported his conclusion. Thus, Plaintiff's argument fails.

In the present action, the ALJ complied with the requirements of SSR 96-7p by providing specific reasons, reported by evidence in the case record, for not fully crediting Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms. For example, ALJ Wright emphasized that Plaintiff's pulmonologist, Dr. Hagaman, concluded that her "symptoms seem to outweigh any objective findings" [R. 11-1 at pg. 25]. Dr. Hagaman then continued to observe that Plaintiff had a normal respiratory examination with no adventitious sounds, normal percussion, normal palpation, and normal ribcage excursion. [*Id.* at pg. 25]. Further, ALJ Wright noted that Plaintiff had other normal respiratory examinations. [*Id*. at 21, 276, 298, 340]. ALJ Wright also noted that Plaintiff's breathing issues improved on medication after she saw a pulmonologist who changed the Plaintiff's medications, [*Id*. at 21, 276], and that Plaintiff reported that as of March 2019 she had not had any recent asthma exacerbations after her pulmonologist changed her medications. [*Id*. at 21, 350, 354, 358, 376, 378]. Accordingly, ALJ Wright's RFC finding was reasonable based on the record as a whole and is supported by sufficient evidence. Therefore, Plaintiff's claim that ALJ Wright did not comply with the requirements of SSR 96-7p is unfounded.

### IV. Conclusion

Based on the Court's review of ALJ Wright's decision, the Court finds that it is supported by substantial evidence and was made in accordance with proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(g). Therefore, the Court will grant the Commissioner's Motion for Summary Judgment. Accordingly, for the reasons stated above,

**IT IS ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment [R. 16] is **DENIED**.
2. The Commissioner's Motion for Summary Judgment [R. 18] is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED**.

4. A judgment will be entered contemporaneously with this Order.

Signed March 16, 2022.

Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge